UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KAMI L. GARCIA-TRUJILLO, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:14-cv-00308-JCN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION[1]

In this action, Plaintiff Kami Garcia-Trujillo requests judicial review of Defendant's denial of her applications for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Defendant Social Security Administration Acting Commissioner found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits.

As explained below, following a review of the record and after consideration of the parties' written and oral arguments, the Court affirms the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the February 22, 2013, decision of the Administrative Law Judge (ALJ).[2] The ALJ's decision (ECF No. 8-2) tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and enter a final order and judgment in this matter.

[2] The Appeals Council "found no reason" to review the ALJ's decision. (PageID # 25.)

The ALJ found that Plaintiff has severe impairments consisting of status post bunionectomy, chronic back pain, anxiety, depression, and substance addiction. As to Plaintiff's mental impairments, which inform Plaintiff's arguments for remand, the ALJ assessed moderate difficulties in social functioning, and noted that Plaintiff visits with a friend several times each week, shops twice each week, sometimes eats out, and likes to walk daily.

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a subset[3] of light work, provided that the work is "simple" and requires only "limited contact with supervisors, coworkers, and the general public." (PageID # 52-53, ¶ 5.) The ALJ concluded that the restrictions prevent Plaintiff from performing her past relevant work, including some unskilled jobs in the light-exertion category, but that the restrictions do not prevent her from engaging in other light and sedentary occupations such as production worker, material handler, packer, and mail clerk. The ALJ, therefore, found that Plaintiff was not disabled, and the ALJ denied Plaintiff's applications.

## DISCUSSION

In her Statement of Errors, Plaintiff argues (1) that the ALJ erred because he did not provide sufficient reasons for his decision not to give controlling weight to the treating source opinion of Jamie Davis, Ph.D. and (2) that the ALJ's actual RFC finding does not match the RFC hypothetical on which the vocational expert based his opinion regarding the existence of jobs in the national economy. (*Id.* at 8.)

**A. Standard of Review**

The Court must affirm the administrative decision provided that the ALJ applied the correct legal standards, and that the ALJ's decision is supported by substantial evidence, even if the record

---

[3] The ALJ found additional physical restrictions that are not challenged by Plaintiff in her Statement of Errors.

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B. Analysis**

### *1. The ALJ's assignment of weight to the opinion of Dr. Davis*

Jamie Davis, Ph.D., treated Plaintiff during multiple therapy sessions between February 2011 and August 2012 (Exhs. 6F, 14F). On June 13, 2012, Dr. Davis completed a Mental Capacity Assessment form (Exh. 7F), in which form she opined, *inter alia*, that Plaintiff had marked limitation in the ability to maintain attention and concentration, marked limitation in the ability to complete a workweek without interruptions from psychological symptoms, and moderate[4] limitation in her ability to interact with others in the workplace. The ALJ noted that Dr. Davis provided her assessment when Plaintiff was not participating in treatment. Additionally, according to the ALJ, Dr. Davis's assessment was not consistent with the treatment notes. The ALJ thus determined that Dr. Davis's opinion deserved little weight.

Plaintiff argues that the ALJ's decision is flawed because it lacks "good reasons" for rejecting Dr. Davis's assessment, citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Plaintiff contends that Dr. Davis's opinion is presumptively valid given the 16 therapy sessions that Dr.

---

[4] On the form completed by Dr. Davis, the term moderate means "unable to function … one third of an eight hour work day," whereas "marked" means "unable to function … two thirds of an eight hour workday." (PageID # 1333.)

3

Davis conducted with Plaintiff over more than a year, and given Dr. Davis's relevant observations recorded in her notes regarding Plaintiff's report of symptoms.

Although the ALJ did not elaborate on the inconsistencies that he perceived between Dr. Davis's assessment and the medical record, the ALJ concluded that the medical record "overwhelmingly" showed that Plaintiff's conditions are well controlled on medication when she is not using cocaine and alcohol. (PageID # 56.) The ALJ also articulated several reasons to support his conclusion that he found Plaintiff to be an unreliable historian. Finally, the ALJ considered the opinions of other experts, including Judy Versola-Russo, Psy.D. (Exhs. 11F, 12F), an examining state agency psychologist, and Julie Jennings, Ph.D. (Ex. 6A), a reviewing state agency physician, which opinions the ALJ concluded were more persuasive and deserving of "great weight." Given the ALJ's assessment of the relationship between Plaintiff's substance abuse and her symptomology, the ALJ's assessment of Plaintiff's credibility, and the ALJ's reliance of the reviewing and examining psychologists, the ALJ cited "good reasons" for his rejection of Dr. Davis's findings.

### 2. *The ALJ's RFC hypothetical and RFC finding*

At Plaintiff's hearing, the ALJ asked the vocational expert to consider a hypothetical claimant with Plaintiff's vocational profile and a physical RFC for a subset of light work. (Hr'g Tr. at 13-14, PageID ## 88-89.) The ALJ also asked the vocational expert to add the mental RFC findings reflected in Dr. Versola-Russo's[5] medical source statement. In further explanation of the conditions that the vocational expert should consider, the ALJ stated:

> And a medical source statement indicates that definitions were[:] extreme means there is no useful ability to function in this area. Marked means there is a substantial loss …. Moderate is there's more than a slight limitation but the individual can still perform—still able to function satisfactory. Mild means there is a slight limitation in this area but the individual can generally function well.

---

[5] The transcript mistakenly identifies Dr. Versola-Russo as "Dr. Judy Greer Russell."

(Hr'g Tr. at 15-16, R. 65-66.)

> The following colloquy then ensued between the ALJ and the vocational expert:
>
> [ALJ] The ability to interact with the public, interact appropriately with supervisors, interact appropriately with coworkers, and respond appropriately to the usual work situations and changes in a routine work setting.
>
> [VE] They're all moderate?
>
> [ALJ] All moderate.

(R. 66.) Based on this information, the vocational expert identified the following jobs that a person as described could perform: small parts assembly, material handler, and packer (all sedentary), as well as mail clerk (light). (R. 67.)

Plaintiff argues that the ALJ erred because he found that Plaintiff can have "only limited contact with supervisors, coworkers and the general public," a finding that does not align with Dr. Versola-Russo's medical source statement that Plaintiff's moderate social limitations represent more than a slight limitation, but still satisfactory. (Statement of Errors at 6-8, citing R. 28-29, 65-67.) According to Plaintiff, the ALJ's RFC finding is more limited than the hypothetical that he posed to the vocational expert. (*Id.* at 8.) Although Plaintiff recognizes that "dealing with people may be an insignificant component of the jobs identified by the VE," she asserts that the impact of a "limited contact" finding cannot be known unless it is communicated to the vocational expert. (*Id.* at 9.) Plaintiff contends, therefore, that under the circumstances, the vocational expert's testimony regarding the jobs that Plaintiff can perform is not pertinent.

In this case, Dr. Versola-Russo conducted an examination and recorded her opinion on the form entitled Medical Source Statement of Ability to Do Work-Related Activities (Mental), which is different from the mental RFC assessment form.[6] As described above, the Medical Source

---

[6] This Court has determined that the summary checkbox conclusions contained in Defendant's mental RFC assessment

5

Statement of Ability to Do Work-Related Activities form defined a moderate mental limitation to be a limitation that allowed for satisfactory performance. In other words, based on her examination of Plaintiff, Dr. Versola-Russo concluded that Plaintiff would be able to meet the social demands of work to a satisfactory degree despite the presence of more than slight limitations.

Contrary to Plaintiff's argument, Dr. Versola-Russo's medical source statement is consistent with the RFC hypothetical posed during Plaintiff's administrative hearing. A very reasonable construction of the ALJ's decision is that the "limited" RFC finding corresponds with Dr. Versola-Russo's opinion that Plaintiff's degree of limitation is more than slight, but still not severe enough to prevent satisfactory performance of the social demands of unskilled work. The ALJ gave Dr. Versola-Russo's opinion great weight, and relied at step 5 on the very jobs identified by the vocational expert at the hearing in response to the hypothetical that included the "moderate" (i.e., "satisfactory") social limitation. Accordingly, the ALJ's determination regarding Plaintiff's RFC and the potential jobs that Plaintiff can perform is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, the Court affirms the administrative decision.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of March, 2015.

---

form do not amount to an RFC assessment and that a physician who uses the form is expected to state his or her RFC findings in the narrative section of the form. *Lindsey v. Soc. Sec. Admin. Com'r*, No. 1:10-cv-00038-JAW, 2011 WL 86567, at *6 (D. Me. Jan. 10, 2011) *aff'd,* 2011 WL 777851 (Feb. 28, 2011); *Swift v. Astrue*, No. 1:08-cv-00280-JAW, 2009 WL 902067, at *3 (D. Me. Mar. 31, 2009) *aff'd,* 2009 WL 1080722 (Apr. 21, 2009); *See also* Social Security Administration Program Operation Manual System §§ DI 24510.060(B)(2)(a) & (4)(a), DI 24510.061(A). Typically, the mental RFC form is used by reviewing rather than examining physicians.